**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WILHY HARPO,                          : | |
| 1400011173,                           : | |
|     Petitioner/Plaintiff,      : | |
|                                : | CIVIL ACTION NOS. |
|     v.                         : | 1:14-CV-2157-WSD-ECS |
|                                : | 1:14-CV-2208-WSD-ECS |
| CITY OF ATLANTA, et al.,              : | |
|     Respondents/Defendants.    : | |

**FINAL REPORT AND RECOMMENDATION**

Wilhy Harpo, a pre-trial detainee in the Atlanta City Detention Center, has submitted two "Emergency and Extraordinary Petitions for Writ of Habeas Corpus & 42 U.S.C. § 1983," in which he mixes claims for habeas relief under 28 U.S.C. § 2241 with claims for monetary damages and other relief under 42 U.S.C. § 1983.  See [-2157 Doc. No. 1]; [-2208 Doc. No. 1].  The undersigned notes that Mr. Harpo has not paid the applicable case initiation fee or requested permission to proceed <u>in forma pauperis</u> ("IFP") in either case.

The undersigned further notes that, while in and out of jail, Mr. Harpo has filed numerous complaints and appeals that have been dismissed as frivolous.  See www.pacer.gov (last viewed July 14, 2014; searched for "Harpo, Wilhy").  Because Mr. Harpo appears, at present, to be a prisoner potentially subject to the filing restrictions of 28 U.S.C. § 1915(g), Mr. Harpo is **ORDERED**

to disclose his full litigation history in any civil rights complaint and/or IFP affidavit that he files.

The Clerk is **DIRECTED** to send Mr. Harpo two copies of this Court's form petition for a writ of habeas corpus under 28 U.S.C. § 2241, two copies of this Court's form complaint for civil rights claims under 42 U.S.C. § 1983, and four copies of this Court's form IFP affidavit.

Mr. Harpo is **ORDERED** to separate his requests for habeas corpus relief under § 2241 from his claims for damages and/or other relief under § 1983, and to resubmit those claims in separate filings.

In the meantime, because Mr. Harpo may not proceed on claims under § 2241 and § 1983 in the same proceeding, see generally Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) ("these avenues are mutually exclusive), the undersigned **RECOMMENDS** that each of the cases listed in the caption be **DISMISSED WITHOUT PREJUDICE**.

To the extent that dismissal without prejudice still requires a determination regarding the issuance of a Certificate of Appealability ("CoA") with respect to Mr. Harpo's requests for habeas corpus relief, the undersigned **RECOMMENDS** that CoA's be **DENIED** in each case because Mr. Harpo does not meet the requisite standard. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 16th day of July, 2014.

>   *S/ E. Clayton Scofield III*
>   E. CLAYTON SCOFIELD III
>   UNITED STATES MAGISTRATE JUDGE